UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARGOT DIRDALA,

        Plaintiff,

v.

WELLS FARGO BANK,

        Defendant.

CASE NO. 3:20-CV-5153-DWC

ORDER GRANTING MOTION TO DISMISS

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 8, 11. Currently before the Court is Defendant Wells Fargo Bank's Motion to Dismiss. Dkt. 9. The Court concludes Plaintiff Margot Dirdala has failed to state a claim upon which relief can be granted. Therefore, the Motion (Dkt. 9) is granted.

**I.     Background**

In the Amended Complaint, Dirdala alleged that Wells Fargo was precluded from foreclosing on her property, 714 200th Ave. E., Lake Tapps, Washington 98391 ("Property"), during her last chapter 13 bankruptcy proceeding. Dkt. 1-1. Dirdala also alleged that Wells Fargo

unlawfully tried to collect a debt through the Trustee. *Id.* On February 27, 2020, Wells Fargo filed the pending Motion to Dismiss. Dkt. 9. Dirdala did not file a response and, on March 27, 2020, Wells Fargo filed its Reply. Dkt. 12. On April 6, 2020, Dirdala submitted a response and alleged she was unable to submit one before because the District Court was closed the day she went to hand it in. Dkt. 13. Dirdala further alleged she had no way to file a response electronically because all libraries are shut down due to the COVID-19 pandemic. *Id.* While Dirdala's response was untimely, the Court has considered it in ruling on this Motion. In her Response, Dirdala also requested oral argument; the Court has reviewed the relevant record and finds that oral argument is not necessary.

## II.   Standard of Review

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To survive a motion to dismiss, a plaintiff must merely cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007).

### III. Judicial Notice

On February 27, 2020, Wells Fargo filed a Request for Judicial Notice of Exhibits A through E in support of the Motion. Dkt. 10. Exhibits A through E consist of court records and publicly recorded documents regarding the Property. *Id.* The Court may take judicial notice of court filings and public records filed in other court proceedings. *Mayhoney v. Holder*, 62 F. Supp. 3d 1215, 1219 (W.D. Wash. 2014) ("The Court may take judicial notice of 'proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direction relation to matters at issue.'"). Additionally, the Court may take judicial notice of publicly recorded documents associated with real property in connection to foreclosure proceedings. *Petheram v. Wells Fargo Bank*, 2013 WL 4761049, at *1 (W.D. Wash. Sept. 3, 2013); *Campidoglio LLC v. Wells Fargo & Co.*, 2012 WL 4514333, at *3 (W.D. Wash. Oct. 2, 2012) (taking judicial notice of mortgage notes and deeds of trust). This Court finds all of these documents bear directly on Dirdala's claims. *See Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1040 (C.D. Cal. 2015) (on a motion to dismiss, took judicial notice of all properly recorded documents in a property's chain of title, because they "bear directly on [plaintiff's] allegations and claims"). Therefore, this Court takes judicial notice of Exhibit A through E and will consider the exhibits in ruling on the Motion.

### IV. Discussion

As previously mentioned, Dirdala alleges that Wells Fargo was precluded from foreclosing on the Property during her last chapter 13 bankruptcy proceeding and that Wells Fargo unlawfully tried to collect a debt through the Trustee**.** Dkt. 1-1.

A. *Foreclosure*

In the Amended Complaint, Dirdala alleges that Wells Fargo was not permitted to foreclose on her Property in December of 2019 during her chapter 13 bankruptcy proceeding. Dkt. 1-1. The filing of a chapter 13 bankruptcy typically stays a foreclosure proceeding. *See* 11 U.S.C. § 362. However, a secured creditor may move for relief from the stay. *Id.* Additionally, a secured creditor may move for in rem relief under 11 U.S.C. § 362 (a) when the debtor's repeated bankruptcy petition filings are part of a scheme to delay, hinder, or defraud creditors and affect real property. *Adame v. U.S. Bank, N.A.*, 2019 WL 482488, at *1 (C.D. Cal. Feb. 5, 2019).

In this case, the secured creditor, Wells Fargo, moved for in rem relief from stay, which was granted by the Bankruptcy Court on June 20, 2019. Dkt. 10, at 30. The court granted Wells Fargo the right to "pursue all remedies under state law in connection with the Property and security interest, and may commence or continue any action necessary to obtain complete possession of the Property free and clear of claims of the bankruptcy estate." *Id.* In sum, Wells Fargo was granted the right to foreclose its Deed of Trust on Dirdala's Property on June 20, 2019 and thus, when the Trustee sold the Property to a third party at the Trustee Sale on December 6, 2019, Wells Fargo was permitted to do so. Therefore, Dirdala's claim fails as a matter of law. For this reason, the Court grants the Motion.

B. *Fair Debt Collection Practices Act*

Dirdala also appears to be alleging that Wells Fargo, under the Fair Debt Collection Practices Act ("FDCPA"), illegally tried to collect a debt through the Trustee. Dkt. 1-1. However, the FDCPA only applies to entities who collect debts on behalf of third parties and not to a creditor engaged in the collection of its own debts. 15 U.S.C. §§ 1692(a)–(f). In *Rosenthal v.*

*Wells Fargo Bank, N.A.*, the Ninth Circuit recently affirmed the dismissal of an FDCPA claim where a plaintiff was unable to prove that Wells Fargo was a debt collector instead of a creditor. *Rosenthal v. Wells Fargo Bank, N.A.*, 771 F. App'x 390, 390-91 (9th Cir. 2019). Also, the Supreme Court of the United States held that, but for an inapplicable exception, "those who engage in only non-judicial foreclosure proceedings are not debt collectors within the meaning of the Act." *Oduskey v. McCarthy and Holthus, LLP*, 139 S. Ct. 1029, 1038 (2019).

Here, the FDCPA does not apply to Wells Fargo because its relationship to Dirdala is that of a creditor. *See* Dkt. 10, Ex. A, p. 11 (indicating Wells Fargo is successor by merger to World Savings Bank, the entity that originated Dirdala's loan). Additionally, given that Wells Fargo has been engaged in non-judicial foreclosure proceedings with Dirdala, this Court agrees that Wells Fargo is not a debt collector under the FDCPA. Therefore, Dirdala's allegation that Wells Fargo, under the FDCPA, illegally attempted to collect a debt through the Trustee fails as a matter of law. For this reason, this Court grants the Motion.

### V.     Leave to Amend

Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). According to the Supreme Court, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis,* 371 U.S. 178, 182 (1962). On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.,* 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of

substantive law, the court may deny leave to amend. *Albrecht v. Lund,* 845 F.2d 193, 195–196 (9th Cir. 1988).

Here, there are no possible further allegations of facts which could cure the deficiencies in the Complaint and as outlined in this Order, Plaintiff's claims are insufficient as a matter of law under Rule 12(b)(6). Therefore, the Court finds leave to amend is not appropriate in this case.

### VI. Conclusion

For the foregoing reasons, the Court grants Wells Fargo's Motion to Dismiss. Dkt. 9. The Amended Complaint is dismissed with prejudice and this case is closed.

Dated this 29th day of April, 2020.

David W. Christel
United States Magistrate Judge